PAUL K. CHARLTON
United States Attorney
District of Arizona
ANGELA MARTINEZ
Assistant United States Attorney
State Bar No. 020566
United States Courthouse
405 W. Congress St., Suite 4800
Tucson, Arizona 85701
Telephone: (520) 620-7300
angela.martinez@usdoj.gov
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>**Jose Aaron Ruiz,**<br><br>　　　　　Defendant. | No. CR 05-1398-FRZ-GEE<br>Mag. No. **05-05165M**<br><br>PLEA AGREEMENT<br><br>(Fast Track 5K3.1) |

　　The United States of America and the defendant agree to the following disposition of this matter:

## PLEA

　　The defendant agrees to plead guilty to the Information charging the defendant with a violation of Title 8, United States Code, Sections 1324(a)(1)(A)(ii), 1324(a)(1)(B)(i), and 1324(a)(1)(B)(iii) Transportation of Illegal Alien, a felony.

## ELEMENTS OF THE OFFENSE AND SENTENCING FACTOR

　　1. The defendant knew or was in reckless disregard of the fact that an alien had come to, entered, or remained in the United States in violation of law.

　　2. The defendant knowingly transported or moved such alien within the United States by means of transportation or otherwise in order to help such alien remain in the United States illegally.

3. The defendant committed the offense for the purpose of commercial advantage or private financial gain.

4. During and in relation to the offense, the defendant caused serious bodily injury to or placed in jeopardy the life of, any person.

## STIPULATIONS, TERMS AND AGREEMENTS

### Maximum Penalties

A violation of Title 8, United States Code, Sections 1324(a)(1)(A)(ii), 1324(a)(1)(B)(i), and 1324(a)(1)(B)(iii) is punishable by a maximum fine of $250,000.00, or a maximum term of imprisonment of twenty (20) years, or both, plus a term of supervised release of two to three years and a special assessment of $100. The special assessment is due and payable at the time the defendant enters the plea of guilty, and must be paid by the time of sentencing unless the defendant is indigent. If the defendant is indigent, the special assessment will be collected according to Title 18, United States Code, Chapters 227 and 229.

### Agreements Regarding Sentence

1. Pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., the government and the defendant stipulate and agree that the following is an appropriate disposition of this case:

If defendant's Criminal History Category is I, the sentencing range is 18-24 months of imprisonment.

If defendant's Criminal History Category is II, the sentencing range is 21-27 months of imprisonment.

If defendant's Criminal History Category is III, the sentencing range is 24-30 months of imprisonment.

If defendant's Criminal History Category is IV, the sentencing range is 30-37 months of imprisonment.

//

If defendant's Criminal History Category is V, the sentencing range is 37-46 months of imprisonment.

If defendant's Criminal History Category is VI, the sentencing range is 41-51 months of imprisonment.

2. The defendant understands and agrees that this plea agreement contains all the terms, conditions, and stipulations regarding sentencing. If the defendant requests or if the court authorizes (a) any downward departure; (b) any reduction of criminal history category which differs from that set forth in the Presentence report; or (c) any other reduction of sentence not specifically agreed to in writing by the parties, the government may withdraw from the plea agreement. If the court departs from the terms and conditions set forth in this plea agreement, either party may withdraw. If the Court, after reviewing this plea agreement, concludes any provision is inappropriate under Rule 11(c)(5), Fed. R. Crim. P., it may reject the plea agreement, giving the defendant, in accordance with Rule 11(d)(2)(A), Fed. R. Crim. P., an opportunity to withdraw the defendant's guilty plea.

### Waiver of Defenses and Appeal Rights

The defendant waives any and all motions, defenses, probable cause determinations, and objections which the defendant could assert to the information or indictment or to the Court's entry of judgment and imposition of sentence, provided that the sentence is consistent with this agreement. The defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); and (3) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack. The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his conviction or sentence in this case. If the defendant files a notice of appeal or habeas petition, notwithstanding this agreement,

defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether defendant is in breach of this agreement and, if so, to permit the government to withdraw from the plea agreement.

### Reinstitution of Prosecution

Nothing in this agreement shall be construed to protect the defendant in any way from prosecution for perjury, false declaration or false statement, or any other offense committed by the defendant after the date of this agreement. In addition, if the defendant commits any criminal offense between the date of this agreement and the date of sentencing, the government will have the right to withdraw from this agreement. Any information, statements, documents and evidence which the defendant provides to the United States pursuant to this agreement may be used against the defendant in all such proceedings.

If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any court in a later proceeding, the government will be free to prosecute the defendant for all charges as to which it has knowledge, and any charges that have been dismissed because of this plea agreement will be automatically reinstated. In such event, the defendant waives any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth Amendment to the Constitution as to the delay occasioned by the later proceedings. Defendant agrees that the stipulated sentencing ranges set forth under "Agreements Regarding Sentence" will not be offered if prosecution is re-instituted.

### Disclosure of Information to U.S. Probation Office

The defendant understands the government's obligation to provide all information in its file regarding defendant to the United States Probation Office. The defendant fully understands and agrees to cooperate fully with the United States Probation Office in providing all information requested by the probation officer.

//

## Effect on Other Proceedings

I further understand that if I violate any of the conditions of my supervised release, my supervised release may be revoked. Upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence may otherwise be altered.

## WAIVER OF DEFENDANT'S RIGHTS

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions. I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I will be giving up my right to plead not guilty; to trial by jury; to confront, cross-examine, and compel the attendance of witnesses; to present evidence in my defense; to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination; all with the assistance of counsel, to be presumed innocent until proven guilty beyond a reasonable doubt, and to appeal.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charge to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence.

My guilty plea is not the result of force, threats, assurance or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part, rather than at the direction of or because of the recommendation of any other person, and I agree to be bound according to its provisions.

I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney) that are not contained within this written plea agreement are without force and effect and are null and void.

I am satisfied that my defense attorney has represented me in a competent manner.

I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair my ability to fully understand the terms and conditions of this plea agreement.

## FACTUAL BASIS AND SENTENCING FACTOR

I agree that the following facts accurately describe my conduct in connection with the offense to which I am pleading guilty and that if this matter were to proceed to trial the government could prove these facts beyond a reasonable doubt:

> On June 22, 2005, I was a passenger in the front seat of a silver Ford Econoline van at or near Amado, Arizona. The vehicle contained 21 passengers, all of whom were illegal aliens. Martin Israel Rodriguez-Calcanaz and Pedro Osnaya-Patino were among the passengers. The driver, Angel Vazquez-Vaquez, and I knew the passengers were illegal aliens, and we intended to assist them in remaining in the United States unlawfully. The illegal aliens were going to pay for the transportation. I was participating in the transportation in order to learn the smuggling route for future activity. I intentionally and recklessly created a substantial risk of death or serious bodily injury by failing to stop the driver when confronted by agents. I recklessly created a substantial risk of death and serious bodily injury to another in the course of fleeing from a law enforcement officer by failing to stop the driver of the vehicle when confronted by agents.

| 9/16/05 | Jose A V/~ |
|---|---|
| Date | Jose Aaron Ruiz |
| | Defendant |

## DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Rule 11, Fed. R. Crim. P., the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea, including the defendant's waiver of the right to appeal. No assurances, promises, or representations have been given to me or to the defendant by the government or by any of its representatives which are not contained in this written agreement. I concur

in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure the guilty plea is entered in accordance with all the requirements of Rule 11, Fed. R. Crim. P.

I translated or caused to be translated this agreement from English into Spanish to the defendant on the 16th day of August, 2005.

8/16/05
Date

Richard Bock
Attorney for Defendant

## GOVERNMENT'S APPROVAL

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

PAUL K. CHARLTON
United States Attorney
District of Arizona

8/16/05
Date

ANGELA MARTINEZ
Assistant United States Attorney

7